UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------x
STUART WEICHSEL,                )
individually and on behalf of        )
all others similarly situated,         )
                                              )        No. 20-CV-17849
                    Plaintiff,           )
                                              )
    - against -                          )
                                              )        CLASS ACTION
JP MORGAN CHASE BANK, N.A.,   )
                                              )        JURY DEMANDED
                                              )
                    Defendant.         )
---------------------------------------------------x

# COMPLAINT

1. This action seeks redress for the unlawful practices of Defendant JP Morgan Chase Bank, N.A. ("Chase" or "Bank"), for providing, in connection with its credit-card accounts, disclosures with inaccuracies or omissions that violated the Truth in Lending Act ("TILA").

2. As alleged in greater detail below, Chase failed to furnish billing statements with complete and accurate information regarding annual account fees, or annual membership fees, as required by TILA and its implementing regulations.

3. TILA's purpose is to assure meaningful disclosure of credit terms in order to (i) allow consumers to compare more readily the various credit terms available; (ii) enable consumers to avoid the uninformed use of credit; and (iii) protect consumers against inaccurate and unfair billing practices. 15 U.S.C. §

1

1601(a). The Bank's conduct violates the express provisions of the TILA and the applicable Regulations.

4. Defendant failed to provide in a proper and timely manner the required disclosure on the billing statements sent to Plaintiff and other consumers about the annual user fee or fees that would be charged to renew the account; this inadequate disclosure, instead of enabling them to avoid the uninformed use of credit, does the opposite.

5. Defendant's failure to make this disclosure resulted in the economic harm, or the risk of economic harm, to Plaintiff and other consumers.

6. Moreover, Defendant's failure to make this disclosure resulted in the harm, or the risk of harm, to the levels of credit consumer protection and information that Congress mandated for open-end credit users like Plaintiff.

7. Under the private enforcement provisions of TILA, Plaintiff and the proposed class seek the recovery of statutory damages of up to $1 million with respect to each of the Bank's failures to comply, plus actual damages.

## *Jurisdiction and Venue*

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337, as well as under 15 U.S.C. § 1640(e), because this action arises under TILA, 15 U.S.C. § 1601, *et seq.*

9. This Court should exercise review of this action because Defendant furnished a billing statement or statements to Plaintiff that, failing to fully and properly disclose the annual account fee and/or the annual additional user fee—in

violation of the statute and its implementing regulatory provision—constituted a concrete and particularized injury to his informed use of credit and to him. U.S. Const., Art. III, §2, Cl. 1.

10. Venue is proper in this district because (1) the Bank transacts business in this district; (2) the principal residence of the Plaintiff is in this district; and (3) the interests of justice require maintenance of this action in this district.

### *Parties*

11. Plaintiff Stuart Weichsel resides in Bergen County, New Jersey.

12. Weichsel is a "consumer," as that term is defined by § 1602(h) of TILA, because this complaint arises from the Bank's offer and extension of credit to Weichsel, and his use of that credit account for personal, family or household purposes.

13. Upon information and belief, the Bank is a corporation doing business in the State of New Jersey and throughout the United States, which is incorporated in Delaware.

14. Chase is a "creditor," as that term is defined by § 1602(f) of TILA and Regulation Z ("Regulation Z"), 12 C.F.R. §1026.2(a)(17), because at all relevant times, the Bank, in the ordinary course of its business, regularly – *i.e.*, more than 25 times a year – extended or offered to extend consumer credit for which a finance charge is or may be imposed, which is payable in more than four installments.

*Factual Allegations*

15. Weichsel is the holder of a credit card account issued by Defendant and used for household purposes.

16. The December 2019 billing statement that the Bank furnished Weichsel on or about December 3, 2019, included a Renewal Notice, as prescribed by law for fee-based accounts, listing a pending annual membership fee of $525.00. Exhibit A.

17. Weichsel reviewed the aforementioned Renewal Notice and the relevant disclosures on the billing statement, and he could not determine that the annual membership fee for his continued use of the account would be anything less than $525.00.

18. The then-prevailing terms in Chase's credit card agreement with its customers, including Weichsel, provided that the annual membership fee for this credit card product was $450.00.

19. Thus, the Bank's inaccurate or incomplete disclosure on the billing statements furnished to Weichsel regarding account renewal—that is, its failure to disclose the annual membership fee for the primary cardholder—constituted a key omission or misrepresentation of the terms of the account that was a violation of Regulation Z and TILA.

20. All members of the class, as defined herein, were furnished billing statements with Renewal Notice disclosures that failed to completely and accurately

disclose, in violation of the statute and its implementing regulations, the various fees that could be charged when the credit card would be renewed.

## *Class Allegations*

21. Plaintiff brings this action individually and on behalf of all persons similarly situated.

22. The class consists of all persons who, within a year from the filing of this action, were provided an account renewal disclosure by Chase that did not disclose and individually itemize the annual membership fee or maintenance fee for continued availability of credit to the primary cardholder and the membership fee or maintenance fee for additional users.

23. Specifically excluded from this class are Defendants, any entity in which Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, heirs, successors, subsidiaries or assigns of any such individual or entity.

24. The Class members for whose benefit this action is brought is so numerous that joinder of all Class members is not practicable. In light of the tens of thousands of credit cards issued by the Bank, the number of class members is believed to be in excess of 1,000 persons.

25. Plaintiff's claims are typical of, if not identical to, all members of the Class and he does not have any interest that is adverse or antagonistic to the interests of the Class. If the conduct of the Bank violates TILA as applied to Plaintiff, then it violates TILA with respect to each member of the Class.

26. Plaintiff will fairly and adequately protect the interests of each member of the Class as he is committed to the vigorous prosecution of this action and, to that end, has retained competent counsel experienced in complex litigation of this nature.

27. The Class is proper for certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure. The Defendant's actions complained of herein are generally applicable to all Class members, thereby making final injunctive relief appropriate with respect to each Sub-class as a whole.

28. Each Class is also proper for certification under Federal Rule of Civil Procedure 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein. Because damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impracticable for the class to seek redress individually for the wrongs they have suffered. Members of the Class do not have a particular interest in individually controlling the prosecution of separate actions.

29. There are questions of law and fact which are common to the members of the Class and which predominate over questions affecting only individual members. Common questions of law and fact include, but are not limited to, whether the Bank had a standardized procedure by which it made renewal disclosures to customers.

30. Upon information and belief, the Class consists of thousands of customers.

31. Thus, a class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

   a) Common questions of law and/or fact predominate over any individual questions which may arise and, accordingly, there would accrue enormous savings to both the Court and the Sub-class in litigating the common issues on a class-wide instead of a repetitive individual basis; and

   b) The aggregate volume of the individual class members' claims, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation.

32. Class certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impede their ability to protect their interests. Moreover, since the actual monetary damages suffered by, or statutory damages available to, individual Class members may be relatively small, although significant in the aggregate, the expenses and burdens of individual litigation make it impossible or effectively impossible for the members of the Class to seek individual redress for the TILA violations committed by Defendant.

33. Plaintiff anticipates that there will be no difficulty in the management of this litigation. The records of the individuals encompassed within the Class are in Defendant's possession.

*Violations of the Truth in Lending Act*

34. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

35. Congress originally authorized the Federal Reserve Board ("FRB" or "Board") to promulgate regulations granting it broad authority to effectuate the purposes of TILA; that authority is now delegated to the Consumer Financial Protection Bureau (the "CFPB"). 15 U.S.C. § 1604(a) (2008); 15 U.S.C. § 1604(a).

36. The set of regulations that the FRB promulgated to implement TILA is known as Regulation Z. 12 C.F.R. §226.1, *et seq.*

37. To reflect its assumption of TILA rulemaking authority as of July 21, 2011, the CFPB issued an interim final rule republishing Regulation Z and adopting the FRB's promulgated regulations with only minor changes that did not impose any new substantive obligations on creditors. 76 FR 79768 (Dec. 22, 2011); 12 C.F.R. §1026.1, *et seq.*

38. TILA requires open-end credit issuers such as the Bank to send renewal disclosures to customers whose accounts carry an annual membership fee at least 30 days before the renewal date, either on or with the periodic statement or in a separate mailing. 15 U.S.C. §1637(d).

39. The renewal notice required by TILA includes the disclosure of several key terms, including the amount of the membership fees or maintenance fees for the availability of the credit card account. 15 U.S.C. §1637(d)(1)(a).

40. Similarly, under the regulation implementing this statutory provision, the renewal notice requires the disclosure of several key terms, including the amount of the membership fees or maintenance fees for the availability of the credit card account. 12 C.F.R. §1026.9(e)(1).

41. The relevant regulation defines the parameters of this disclosure as "[a]ny annual or other periodic fee that may be imposed for the issuance or availability of a credit or charge card, including any fee based on account activity or inactivity; how frequently it will be imposed; and the annualized amount of the fee." 12 C.F.R. §1026.60(b)(2)(i).

42. In attempting to comply with the above requirement, the Bank furnished Plaintiff on or about December 3, 2019 a monthly billing statement with a Renewal Notice.

43. Plaintiff read the Renewal Notice disclosing that the annual fee to be imposed for the availability of his credit card for the upcoming year would be $525.00. *See* Exhibit A.

44. Plaintiff understood that the Renewal Notice, together with the related disclosures on the backer of the periodic statement, represented that this fee had to be paid in its entirety for continued availability of credit. *Id*.

45. However, the Renewal Notice misrepresented the true annual fee for the availability of his credit card for the upcoming year under the agreement, which was only $450.00.

46. The $525.00 fee that was disclosed in the Renewal Notice included, without saying so, the $450.00 fee for availability of credit plus an additional $75.00 fee for an additional card for another user.

47. Plaintiff paid the $525.00 fee in or about February of 2020.

48. Had Plaintiff been aware that he could have retained access to this card account and all its attendant benefits for the fee of only $450.00, and that the $525.00 fee included a card for an additional user, he would have notified the Bank that $450.00 was the maximum he was prepared to spend for continued availability.

49. As such, the Bank's Renewal Notice disclosure harmed Plaintiff concretely by denying him the full account information that Congress required he receive with his Renewal Notice.

50. Moreover, the Renewal Notice caused Plaintiff material harm in that it misrepresented the true cost of credit availability and misled him into spending an additional $75.00.

51. Similarly, each of the Bank's failures to furnish a complying Renewal Notice to other members of the Class constituted a concrete harm or at least created a material risk of concrete harm to those consumers.

52. Over a decade ago, Congress began to more closely examine various practices in the credit card industry it deemed "abusive" and proceeded to amend TILA to put a halt to them. H.R. Rep. 111-88 at 10-12 (April 27, 2009); S. Rep 111-16 at 1-10 (May 4, 2009).

53. In addition to curbing the abusive practices, Congress, in keeping with the purposes of the statute—to help consumers avoid the uninformed use of credit, to help consumers better compare credit options, and to avoid unfair billing practices—amended TILA to provide for enhanced penalties to credit-card lenders who violated the statute: twice the finance charge involved, with a minimum of $500 and a maximum of $5,000, "or such higher amount as may be appropriate in the case of an established pattern or practice of such failures." 15 U.S.C. §1640(a)(2)(A)(iii).

54. With respect to each of the Bank's violations of TILA for noncompliant disclosures, as alleged above, Plaintiff and the Class are entitled to recover up to $1 million in statutory damages, together with actual damages, costs and reasonable attorney fees. 15 U.S.C. § 1640(a).

55. Alternatively, with respect to each of the Bank's violations of TILA for noncompliant disclosures, as alleged above, Plaintiff is entitled to recover up to $5,000 in individual statutory damages, together with any actual damages, costs and reasonable attorney fees. 15 U.S.C. § 1640(a)(2)(A)(iii).

**WHEREFORE**, Plaintiff Stuart Weichsel prays on his behalf and on behalf of the Class that judgment be entered against Defendant as follows:

(1) An order certifying the Class under Federal Rule of Civil Procedure 23(b)(2) and, additionally or in the alternative, an order certifying the Class under Federal Rule of Civil Procedure 23(b)(3);

(2) Maximum statutory damages as provided under 15 U.S.C. § 1640(a)(2);

  (3)  Actual damages as provided under 15 U.S.C. § 1640(a)(1);

  (4)  Attorney fees, litigation expenses, and costs; and

  (5)  Such other and further relief as to this Court may seem just and proper.

### *Jury Demand*

  Plaintiff respectfully requests a trial by jury.

Dated: Brooklyn, New York
    December 2, 2020

               Respectfully Submitted,

            By: /s/ *Brian L. Bromberg*
               Brian L. Bromberg
               One of Plaintiff's Attorneys

<u>Attorneys for Plaintiff and the Proposed Class</u>

Brian L. Bromberg
Joshua Tarrant-Windt*
Bromberg Law Office, P.C.
352 Rutland Road #1
Brooklyn, NY 11225
Tel: (212) 248-7906
Email: <u>brian@bromberglawoffice.com</u>
Email: <u>joshua@bromberglawoffice.com</u>

Harley J. Schnall*
Law Office of Harley J. Schnall
711 West End Avenue
New York, NY 10025
Tel: (212) 837-2550
Email: <u>schnall_law@hotmail.com</u>

*To seek admission *pro hac vice*